## Alleman's Estate

*Myers & Myers* and *Carl B. Shelley*, for petitioner.

*C. A. Shambaugh* and *T. Ralph Jacobs*, for executors.

REESE, P. J., December 28, 1935.—The will of the decedent was admitted to probate on January 13, 1934, and letters testamentary were issued to the executors therein named. On March 17, 1934, a daughter of the decedent filed in the office of the register of wills an ap-

peal from the decision of that officer admitting the will to probate and granting letters testamentary thereon. A bond in the sum of $500 was duly filed. Thereafter the register of wills certified the appeal to the orphans' court. Subsequently, on July 6, 1934, the contestant filed her petition in the orphans' court praying for a citation on the proponents to show cause why the appeal should not be sustained, the probate of the will set aside and the letters testamentary revoked. The court granted the citation and on July 23, 1934, the proponents filed an answer. The contestant has done nothing further to prosecute the appeal.

On October 1, 1935, the proponents filed a petition praying that the appeal be dismissed, alleging that the appeal had not been diligently prosecuted and that settlement and distribution of the decedent's estate was being delayed by the pendency of the appeal. A citation was awarded and the contestant filed an answer admitting most of the allegations of the petition and averring that the delay in prosecuting the appeal was occasioned by the press of the official duties of her counsel. The answer also averred that her counsel are now ready and willing to proceed at any time the court may direct.

An appeal from the decision of a register of wills admitting a will to probate must be prosecuted with diligence or it will be dismissed: Remick on Orphans' Court Practice in Pa. (2d ed.), 34; Cardwell's Estate, 10 Pa. C. C. 318; Nadig's Estate, 10 Leh. L. J. 24; Hoopes' Estate, 23 Dist R. 249. If the delay of 14 months in the present case were attributable to neglect or bad faith on the part of the contestant, we would have no hesitation in dismissing her appeal. But both attorneys representing her hold responsible public offices, and the delay in prosecuting the appeal herein has been caused by the press of the official duties of counsel. We therefore deem it fair and just, as in Nadig's Estate, supra, and Hoopes' Estate, supra, to afford contestant and her counsel an op-

portunity to prosecute the appeal, providing that it be done with reasonable diligence and celerity.

And now, December 28, 1935, the citation to dismiss the appeal is discharged, without prejudice to the right of the proponents to renew their application if the contestant does not, within a reasonable time after January 1, 1936, proceed in the manner required by law for securing a determination of the question in controversy.

From Francis B. Sellers, Carlisle.